2. Cases of U. S. v. Alberty [Case No. 14,426], and U. S. v. Starr [Id. 16,379], cited and confirmed.

[This was a writ of habeas corpus sued out in behalf of Joseph Ivy, who was held for trial on a charge of murder.]

S. H. Hempstead, U. S. Dist. Atty.
E. H. English, for defendant.

Before JOHNSON, District Judge.

OPINION OF THE COURT. On hearing this case and carefully examining the evidence, it appears clearly that the defendant has been committed for trial in the circuit court, charged with the murder of Larkin Eckles, a white man, in the Cherokee Nation, west of Arkansas, on the 7th September, 1840. The offence having been perpetrated in the Indian country anterior to its annexation to the district of Arkansas, by the act of congress of the 17th of June, 1844 (10 Laws, 583 [5 Stat. 680]), the circuit court of the United States has no jurisdiction to try the defendant, as has been heretofore expressly decided in U. S. v. Alberty [Case No. 14,426], and U. S. v. Starr [Id. 16,379], the doctrine of which cases is deemed to be entirely correct, and decisive of the present question, and consequently the defendant must be discharged from further imprisonment. Discharged accordingly.

---

## Case No. 15,452.

UNITED STATES v. JACK.

[1 Cranch, C. C. 44.] [1]

Circuit Court, District of Columbia. Dec. Term, 1801.

CIRCUIT COURT DISTRICT COLUMBIA—JURISDICTION.

This court has not jurisdiction of larceny by a slave.

Indictment [against negro Jack, a slave] for theft. Plea to the jurisdiction, it being a case cognizable only by a justice of the peace, by the act of assembly of Maryland.

THE COURT decided that they had not jurisdiction, and ordered the slave to be delivered to a constable to be carried before a justice of the peace.

---

## Case No. 15,453.

UNITED STATES v. JACKSON.

[4 Cranch, C. C. 483.] [1]

Circuit Court, District of Columbia. Nov. Term, 1834.

CRUELTY TO ANIMALS.

Public cruelty to a cow, and beating her to death in or near a public street in Washington, is an indictable offence at common law, as a public nuisance.

The indictment averred that the defendant [Daniel Jackson]. "unlawfully. wantonly, and

cruelly, in the public street in the city of Washington, in the same county, and in a public place in the city of Washington in said county, and near the public streets of said city, and dwellings of the citizens thereof, and in view of the said streets and dwellings and said citizens, in said county, did cruelly with clubs and stones, beat, strike, and grievously wound and kill a certain cow, then and there being. the property of a certain Charles A. Howe, of the value of twenty dollars,·to the terror and disturbance of the said citizens, and to the common nuisance of the citizens of said county, to the evil example of all others, and against the peace and government of the United States."

Mr. Morfit, for defendant, moved the court to quash the indictment. The Maryland act of 1809 (chapter 138, § 4) shows that at common law, cruelty to brutes was not punishable. The Virginia cases are founded upon the peculiar qualities of slavery. 3 Chit. Cr. Law, 1087; 4 Bl. Comm. 19.

THE COURT (THRUSTON, Circuit Judge, absent) refused to quash the indictment.

Upon the trial, the defendant's counsel contended that it was necessary to prove that the cow died of that beating.

But THE COURT refused to give the instruction; and, at the prayer of the attorney of the United States, instructed the jury that the gist of the offence was the public cruelty to the common nuisance, and it was not necessary for the United States to prove that the cow died of the beating.

---

## Case No. 15,454.

UNITED STATES v. JACKSON.

[4 Cranch, C. C. 577.] [1]

Circuit Court, District of Columbia. March Term, 1835.

COMPETENCY OF WITNESSES—FORGERY.

The person. to the prejudice of whose right a forgery is averred to be, is a competent witness to prove the forgery. So, also, is the person whose receipt is averred to be forged.

Indictment [against William Jackson] for forging a bill and receipt of Polkinhorn & Campbell against Major William T. Barry, of eight dollars and fifty cents, for a trunk, by altering the amount, which was originally $6.50 to $8.50. The deposition of Major Barry had been taken by consent, provided he could be a competent witness, and was now produced by Mr. Key for the United States.

Mr. Brent, for the defendant, objected that he was interested; and cited the case of U. S. v. Anderson, in this court, in November term, 1834 [Case No. 14,452], and the cases there cited.

THE COURT (nem. con.) decided, that Major Barry was a competent witness, and his deposition was read.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]